SCOTT v SCOTT

Docket No. 66801. Submitted January 5, 1983, at Grand Rapids.— Decided March 22, 1983.

Plaintiff, Richard L. Scott, and defendant, Deborah L. Scott, were granted a divorce in the Muskegon Circuit Court. The judgment provided joint custody of the two minor children, with defendant afforded custody during the school year. Subsequently, both parties remarried. Defendant petitioned the trial court to remove the minor children to Columbus, Ohio, claiming that she was originally from that community, that her family was located there, and that her employment prospects were better there. Plaintiff answered, opposing her request, and further petitioned the trial court to award him sole custody of the children. Following hearing on these petitions, the trial court decided in favor of defendant and granted her petition to move out of the state. Plaintiff appealed. *Held:*

A trial court in ruling on a motion by a parent who has custody of a minor child under a judgment of divorce for permission to remove the child from the state should apply the following four-pronged test rather than relying upon the criteria for determining the best interests of the child as outlined in the Child Custody Act of 1970: (1) it should consider the prospective advantages of the move in terms of its likely capacity for improving the general quality of life for both the custodial parent and the child; (2) it must evaluate the integrity of the motives of the custodial parent in seeking the move in order to determine whether the removal is inspired primarily by the desire to defeat or frustrate visitation by the noncustodial parent, and whether the custodial parent is likely to comply with substitute visitation orders when no longer subject to the jurisdiction of the courts of the state; (3) it must take into account the integrity of the noncustodial parent's motives in resisting the removal and consider the extent to which, if at all, the opposition is intended to secure a financial advantage in respect of continuing support obligations; and (4) the court must be satisfied that there will be a realistic opportunity for

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation §§ 797, 798.

visitation in lieu of the weekly pattern which can provide an adequate basis for preserving and fostering the parental relationship with the noncustodial parent if removal is allowed. The court did this and there was no abuse of discretion.

Affirmed.

PARENT AND CHILD — CHILD CUSTODY — MOTION TO REMOVE CHILD.

A trial court in ruling on a motion by a parent who has custody of a minor child under a judgment of divorce for permission to remove the child from the state should apply the following four-pronged test rather than relying upon the criteria for determining the best interest of the child as outlined in the Child Custody Act of 1970: (1) it should consider the prospective advantages of the move in terms of its likely capacity for improving the general quality of life for both the custodial parent and the child; (2) it must evaluate the integrity of the motives of the custodial parent in seeking the move in order to determine whether the removal is inspired primarily by the desire to defeat or frustrate visitation by the noncustodial parent, and whether the custodial parent is likely to comply with substitute visitation orders when no longer subject to the jurisdiction of the courts of the state; (3) it must take into account the integrity of the noncustodial parent's motives in resisting the removal and consider the extent to which, if at all, the opposition is intended to secure a financial advantage in respect of continuing support obligations; and (4) the court must be satisfied that there will be a realistic opportunity for visitation in lieu of the weekly pattern which can provide an adequte basis for preserving and fostering the parental relationship with the noncustodial parent if removal is allowed.

*Landman, Luyendyk, Latimer, Clink & Robb* (by *Jon O. Vander Ploeg),* for plaintiff.

*Parmenter, Forsythe, Rude, Gavigan, Van Epps & Briggs* (by *George D. Van Epps* and *James R. Seastrom),* for defendant.

Before: MACKENZIE, P.J., and R. B. BURNS and E. A. QUINNELL,* JJ.

PER CURIAM. The parties were granted a divorce

* Circuit judge, sitting on the Court of Appeals by assignment.

February 17, 1981. The judgment provided for joint custody of the two minor children, with defendant afforded custody during the school year. Subsequently, both parties remarried. On May 4, 1982, defendant petitioned the trial court to remove the minor children to Columbus, Ohio, claiming that she was originally from that community, that her family was located there, and that her employment prospects were better there. Plaintiff answered, opposing her request, and further petitioned the trial court to award him sole custody of the children. Following an August 20, 1982, hearing on these petitions, the trial court decided in favor of defendant and granted her petition to move out of the state. Plaintiff now appeals.

We note at the outset that, while our review of the trial court's custody determination is de novo, *DeGrow v DeGrow,* 112 Mich App 260; 315 NW2d 915 (1982), we are bound by § 8 of the Child Custody Act, MCL 722.21 et seq.; MSA 25.312(1) et seq.:

"To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28; MSA 25.312(8).

We find no palpable abuse of discretion, clear legal error, or findings of fact against the great weight of evidence. The trial court found that the parties were equal in all matters pertaining to the custody of the children. Although the trial court's opinion did not enumerate explicitly the statutory factors to be considered, see *Baker v Baker,* 411 Mich 567; 309 NW2d 532 (1981), it is clear that the

totality of the factors was considered. The trial court certainly was aware of the specific requirements, as it took testimony from the parties regarding the topics in the custody act and was presented with an investigative report specifically enumerating the statutory factors *seriatim.* Thus, a remand to expand the findings of fact would be superfluous and a burden not only upon the circuit court's resources but also upon the parties.

Moreover, plaintiff does not challenge the trial court's methods but rather claims that, by allowing defendant to move to Ohio, plaintiff is essentially deprived of his joint custody of the children and, accordingly, sole custody should be granted to him. After reviewing the record and the briefs of the parties, we find no basis for reversing the trial court's denial of plaintiff's petition for sole custody. Joint custody was originally granted, presumably in the best interests of the children, and the trial court correctly concluded that joint custody should continue. See *Longhi v Longhi,* 119 Mich App 41; 325 NW2d 617 (1982).

Turning to defendant's request to move to Ohio, this Court has found that the decision to grant or deny such a request:

"is entrusted to the discretion of the trial judge, *Lem v Lem,* 12 Mich App 174; 162 NW2d 683 (1968), and his decision will be affirmed unless he commits a palpable abuse of discretion, MCL 722.28; MSA 25.312(8)." *Hutchins v Hutchins,* 84 Mich App 236, 238; 269 NW2d 539 (1978).

Furthermore, this Court stated in *Henry v Henry,* 119 Mich App 319, 323; 326 NW2d 497 (1982):

"We believe the appropriate test to be applied in

cases dealing with removal petitions is that articulated by the New Jersey Court in *D'Onofrio v D'Onofrio,* 144 NJ Super 200; 365 A2d 27 (1976), *aff'd* 144 NJ Super 352; 365 A2d 716 (1976), adopted by reference in *Watters v Watters* [112 Mich App 1; 314 NW2d 778 (1981)]."

*D'Onofrio* recognized the mutual rights involved, and outlined factors to be considered to accommodate them:

(1) "It should consider the prospective advantages of the move in terms of its likely capacity for improving the general quality of life for both the custodial parent and the children."

(2) "It must evaluate the integrity of the motives of the custodial parent in seeking the move in order to determine whether the removal is inspired primarily by the desire to defeat or frustrate visitation by the non-custodial parent, and whether the custodial parent is likely to comply with substitute visitation orders when she is no longer subject to the jurisdiction of the courts of this State."

(3) "It must likewise take into account the integrity of the noncustodial parent's motives in resisting the removal and consider the extent to which, if at all, the opposition is intended to secure a financial advantage in respect of continuing support obligations."

(4) "Finally, the court must be satisfied that there will be a realistic opportunity for visitation in lieu of the weekly pattern which can provide an adequate basis for preserving and fostering the parental relationship with the noncustodial parent if removal is allowed." 144 NJ Super 206-207.

Despite the fact that *D'Onofrio* was a case dealing with removal of children by a sole custodial parent, we believe it is applicable to the instant case. The *D'Onofrio* test, as this Court noted in *Henry, supra,* focuses on the best interest of the custodial parent and child. Although defendant is not the sole custodial parent, she and her present

husband have, by mutual agreement, physical custody of the children for the school year, approximately 36 weeks. Plaintiff has custody during the summer, spring and Christmas vacations, some weekends and shared weeks, approximating 16 weeks.

Defendant testified that her present husband has a higher paying job in Ohio with greater opportunity for advancement than his Michigan position and that her career would develop better in Ohio.

Next, it appears clear that defendant is not motivated by a desire to frustrate plaintiff's physical custody of the children in seeking to move. Also, plaintiff's motives in resisting the move do not seem suspect in any way. Both obviously care for the children very much and quite naturally want to be with them as often as possible. Finally, the trial court apparently was satisfied that the move would not destroy plaintiff's relationship with the children. To the contrary, the trial court ordered that the parties share the transportation cost of the children in effectuating the joint custody visitation provision. Thus, although plaintiff is slightly more burdened as a practical matter in seeing the minor children, the *D'Onofrio* test is met and the trial court did not abuse its discretion in granting defendant's petition to move to Ohio.

Affirmed.