BIELAWSKI v BIELAWSKI

Docket No. 77313. Submitted June 20, 1984, at Lansing.—Decided September 17, 1984.

Plaintiff, Michael B. Bielawski, and defendant, Sherrie N. Bielawski, were granted a judgment of divorce in the Oakland Circuit Court on March 26, 1981. The parties were granted joint legal custody of their daughter, with physical custody awarded to the defendant. Also contained in the judgment of divorce was a provision that the child could not be removed from the state without prior approval of the court. On March 14, 1984, defendant filed a motion for modification of the judgment of divorce requesting that she be allowed to remove the child to Dallas, Texas, so as to accept a job offered to her there. The court, Robert L. Templin, J., refused the plaintiff's request for a delay so that discovery could be conducted, granted the defendant's motion to remove the child from the state and ordered that the judgment of divorce be amended to permit such removal. Plaintiff appeals. *Held:*

1. The circuit court did not err in not considering the "best interest of the child factors" as set forth in § 3 of the Child Custody Act before deciding the motion to allow the removal of the child from the state.

2. A court must weigh various factors to accommodate compelling interests of all parties where a custodial parent seeks the court's approval to move his family to a place so geographically distant as to render weekly visitation by the noncustodial parent impossible and the custodial parent can demonstrate that real advantage to the family will result from the family's moving. Among the factors to be considered are: (1) whether the proposed move will improve the general quality of life for the custodial parent and children; (2) whether the proposed move is inspired by a desire to defeat or frustrate visitation; (3) whether the custodial parent is likely to comply with substitute

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 24 Am Jur 2d, Divorce and Separation §§ 963 *et seq.,* 989.
42 Am Jur 2d, Infants § 52.
Nonresidence as affecting one's right to custody of child. 15 ALR2d 432.

visitation orders; (4) whether the noncustodial parent's opposition to the move is intended to secure financial advantage in respect to continuing support obligations; and (5) whether a realistic substitute visitation pattern can be devised.

3. The trial court did not abuse its discretion in granting the motion to remove the child from the jurisdiction of the court without conducting an evidentiary hearing. Such a hearing is not required in every instance. Here, there were no meaningful contested factual questions requiring a hearing.

4. The trial court did not abuse its discretion in granting the motion to remove the child to Texas.

Affirmed.

1. PARENT AND CHILD — CHILD CUSTODY — REMOVAL OF CHILD FROM STATE.

A trial court in ruling on a motion by a parent who has custody of a minor child under a judgment of divorce for permission to remove the child from the state should apply the following four-pronged test rather than relying upon the criteria for determining the best interest of the child as outlined in the Child Custody Act of 1970: (1) it should consider the prospective advantages of the move in terms of its likely capacity for improving the general quality of life for both the custodial parent and the child; (2) it must evaluate the integrity of the motives of the custodial parent in seeking the move in order to determine whether the removal is inspired primarily by the desire to defeat or frustrate visitation by the noncustodial parent, and whether the custodial parent is likely to comply with substitute visitation orders when no longer subject to the jurisdiction of the state; (3) it must take into account the integrity of the noncustodial parent's motives in resisting the removal and consider the extent to which, if at all, the opposition is intended to secure a financial advantage in respect of continuing support obligations; and (4) the court must be satisfied that there will be a realistic opportunity for visitation in lieu of the weekly pattern which can provide an adequate basis for preserving and fostering the parental relationship with the noncustodial parent if removal is allowed (MCL 722.23; MSA 25.312[3]).

2. PARENT AND CHILD — CHILD CUSTODY — REMOVAL OF CHILD FROM STATE.

A trial court is not required in every instance to conduct an evidentiary hearing in considering a motion to amend a judgment of divorce so as to allow the custodial parent to remove a

child from the jurisdiction of the court; the trial court's determination whether to hold an evidentiary hearing should not be disturbed unless an abuse of discretion is shown.

*Van Til, Kasiborski & Ronayne* (by *John J. Ronayne, III,* and *Kenneth A. Flaska),* for plaintiff.

Sherrie Bielawski, *in propria persona.*

Before: MacKENZIE, P.J., and BEASLEY and J. R. KIRWAN,* JJ.

J. R. KIRWAN, J. This is an appeal as of right from the trial court's decision to grant defendant mother's motion to amend the decree of divorce so as to allow the mother to move her residence with the minor child from Michigan to Texas.

Plaintiff Michael Bielawski and defendant Sherrie Bielawski were divorced on March 26, 1981. The parties were granted joint legal custody of their daughter, Ann, with physical custody awarded to the mother. Also contained in the judgment of divorce was a provision that the child could not be removed from the State of Michigan without prior approval of the court.

On March 14, 1984, defendant filed her motion for modification of the judgment of divorce requesting that she be allowed to remove the child from Michigan. According to the motion, she had been formally offered a job in Dallas, Texas, as a project manager with a consulting firm and had made an application to rent an apartment in Dallas which would provide adequate living arrangements for her and her child. At the hearing on the motion she argued that the move to Texas would substantially improve her financial security, that the move was not an attempt to deprive

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff of visitation rights, and that she was willing to pay expenses of transporting the child to Michigan to assure plaintiff his visitation rights.

Plaintiff claimed that defendant had made previous threats to leave the state and that the present motion was simply another attempt to prevent the father from having a meaningful relationship with his daughter. He also claimed that the motion was not made in good faith and that the move would not be in the best interests of the child. (Plaintiff's further claim that the child had missed a great deal of school was answered by defendant's counsel who indicated that the child had been withdrawn from school in anticipation of the move to Texas and that the child otherwise had missed very little school.) In order to support these accusations, plaintiff's counsel requested that resolution of the matter be delayed so that he could conduct discovery. The trial court, however, refused the request, stating that because defendant's offer of a job in Texas was to expire within a few days, an emergency situation existed requiring an immediate decision. The court then granted defendant's motion to remove the child from the state.

I

There presently exists in this Court a split of authority as to whether the "best interest of the child factors" as set forth in § 3 of the Child Custody Act, MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.,* must be considered before deciding a motion to allow the removal of a minor child from the state. Two panels of this Court, *Hutchins v Hutchins,* 84 Mich App 236; 269 NW2d 539 (1978), and *Watters v Watters,* 112 Mich App 1, 13; 314 NW2d 778 (1981), have determined that the best interest of the child test is controlling in deciding motions

for removal. Two other panels, however, *Henry v Henry,* 119 Mich App 319; 326 NW2d 497 (1982), and *Scott v Scott,* 124 Mich App 448; 335 NW2d 68 (1983), have determined that since a motion for removal does not involve a custody determination, a review of the best interest of the child factors as set forth in the Child Custody Act is inappropriate.

It is this Court's view that the more recent cases, *Henry, supra,* and *Scott, supra,* present the better view. Consideration of the "custody factors" ordinarily neither leads nor reasonably relates to a resolution of those issues that arise when a custodial parent seeks to remove a child to a place that is geographically distant from where the noncustodial parent lives. When such motions are made, the underlying concern of the noncustodial parent is almost always the effect that such move will have upon the relationship of the child and the noncustodial parent, and visitation rights. A consideration of the "custody factors" is not helpful in searching for resolutions to these problems. We believe that the interests of all parties are better served in resolving such motions by following the criteria enunciated in *Watters, supra,* pp 12-13, the Court quoted from *D'Onofrio v D'Onofrio,* 144 NJ Super 200, 206-207; 365 A2d 27 (1976):

"Where * * * the custodial parent can demonstrate that a real advantage to herself and the children will result from their removing their residence to a place so geographically distant as to render weekly visitation impossible, then the court must weigh a number of determinative factors in order to accommodate the compelling interests of all of the family members. It should consider the prospective advantages of the move in terms of its likely capacity for improving the general quality of life for both the custodial parent and the children. It must evaluate the integrity of the motives of the custodial parent in seeking the move in order to

determine whether the removal is inspired primarily by the desire to defeat or frustrate visitation by the noncustodial parent, and whether the custodial parent is likely to comply with substitute visitation orders when she is no longer subject to the jurisdiction of the courts of this state. It must likewise take into account the integrity of the noncustodial parent's motives in resisting the removal and consider the extent to which, if at all, the opposition is intended to secure a financial advantage in respect of continuing support obligations. Finally, the court must be satisfied that there will be a realistic opportunity for visitation in lieu of the weekly pattern which can provide an adequate basis for preserving and fostering the parental relationship with the noncustodial parent if removal is allowed."

The trial court did not, therefore, err in not considering the custody factors in resolving this motion.

## II

Did the trial court abuse its discretion in granting defendant's motion to remove the child from the jurisdiction of the court without conducting an evidentiary hearing? We do not believe in every instance that a trial court is required to conduct an evidentiary hearing in considering a motion to remove a child from the jurisdiction of the court. A trial court should have discretion in making this determination and such determination should not be disturbed unless an abuse of discretion is shown.

In deciding whether or not a trial court should hold an evidentiary hearing, the court should first determine whether there exist contested factual questions that must be resolved before a court can make an informed decision on whether or not to grant the motion. In this instance, we do not

believe that there were any meaningful contested factual questions that would require a hearing. It is essentially uncontested that a substantial economic advantage would accrue to the mother and child if the move is approved and that the living arrangements in Texas were adequate for the child. Further, the mother's present good faith was demonstrated by her willingness to pay expenses that would be incurred in returning the child to Michigan for visitation with the father, and there existed nothing on the record that would prevent the trial court from fashioning an appropriate visitation order that would protect the relationship between the father and the child and guarantee visitation rights. As the trial court was required to make an immediate decision because the job offer expired in a few days, we find no abuse of discretion in denying an evidentiary hearing in this matter.

## III

Did the trial court abuse its discretion in granting the motion to remove the child to Texas? Applying the standards as set forth in *D'Onofrio, supra,* we find no abuse of discretion. The custodial parent demonstrated that there existed a real advantage to herself and the child by removing her residence from Michigan to Texas. The substantial increase in income from her employment in Texas will undoubtedly improve the mother-daughter family unit relationship as well as elevate the quality of their lives. Further, the trial court can construct a visitation order that will assure the father the opportunity of preserving and fostering the parental relationship. And finally, the granting of this motion does not prevent the plaintiff from later moving for a change

of custody if he believes that he can show by clear and convincing evidence that the best interests of the child would be served by transferring custody from the mother to him.

For these reasons, the trial court did not err in granting defendant's motion for removal of the child to Texas.

Affirmed.