DICK v DICK

Docket No. 86455. Submitted October 1, 1985, at Marquette.—Decided
    December 3, 1985.

   Plaintiff, Cynthia M. Dick, and defendant, Arnold R. Dick, were
   divorced in 1983. They were awarded joint legal custody of
   their three minor children, and plaintiff was awarded physical
   custody. The judgment granted defendant "regular, consistent,
   and expansive visitation" and provided that neither party could
   remove the children from the state without prior court ap-
   proval. Plaintiff obtained employment in Colorado and filed a
   petition to remove the children from the state. The Houghton
   Circuit Court, Stephen D. Condon, J., denied the petition for
   removal, and plaintiff appealed, alleging that the trial court
   made findings of fact against the great weight of the evidence,
   committed a clear legal error, and committed an abuse of
   discretion. *Held:*

   1. A trial court in ruling on a motion by a parent who has
   custody of a minor child under a judgment of divorce for
   permission to remove the child from the state should apply the
   following four-pronged test: (1) it should consider the prospec-
   tive advantages of the move in terms of its likely capacity for
   improving the general quality of life for both the custodial
   parent and the child; (2) it must evaluate the integrity of the
   motives of the custodial parent in seeking the move; (3) it must
   take into account the integrity of the noncustodial parent's
   motives in resisting the removal and consider the extent to
   which, if at all, the opposition is intended to secure a financial
   advantage in respect of continuing support obligations; and (4)
   the court must be satisfied that there will be a realistic oppor-
   tunity for visitation in lieu of the weekly pattern (MCL 722.23;
   MSA 25.312[3]). The trial court properly applied those factors
   in making its determination, and its findings were not against
   the great weight of the evidence.

   2. The trial court did not err or abuse its discretion in

REFERENCES

Am Jur 2d, Parent and Child § 25.
See the annotations in the ALR3d/4th Quick Index under Custody
    and Support of Children.

refusing to consider the facts that plaintiff had already left her job in Michigan and sold her home when she brought her petition. The actions of the plaintiff were not relevant to the court's determination.

Affirmed.

1. PARENT AND CHILD — APPEAL — REMOVAL OF CHILD FROM STATE.

The Court of Appeals will not disturb a trial court's ruling on a petition to remove a minor child from the state unless the trial court made findings of fact against the great weight of the evidence, committed a palpable abuse of discretion, or made a clear legal error on a major issue (MCL 722.28; MSA 25.312[8]).

2. PARENT AND CHILD — CHILD CUSTODY — REMOVAL OF CHILD FROM STATE.

A trial court in ruling on a motion by a parent who has custody of a minor child under a judgment of divorce for permission to remove the child from the state should apply the following four-pronged test: (1) it should consider the prospective advantages of the move in terms of its likely capacity for improving the general quality of life for both the custodial parent and the child; (2) it must evaluate the integrity of the motives of the custodial parent in seeking the move; (3) it must take into account the integrity of the noncustodial parent's motives in resisting the removal and consider the extent to which, if at all, the opposition is intended to secure a financial advantage in respect of continuing support obligations; and (4) the court must be satisfied that there will be a realistic opportunity for visitation in lieu of the weekly pattern (MCL 722.23; MSA 25.312[3]).

*Vairo, Mechlin, Tomasi, Johnson & Manchester* (by *Jeryl A. Manchester*), for plaintiff.

*Garfield W. Hood,* for defendant.

Before: D. F. WALSH, P.J., and GRIBBS and SHEPHERD, JJ.

PER CURIAM. Plaintiff, Cynthia Dick, appeals from a circuit court order denying her petition to remove the parties' minor children from Michigan to Colorado. We affirm.

Plaintiff, Cynthia Dick, and defendant, Arnold

Dick, were married in 1971, and divorced in June, 1983. They have three children, Jason, born March 27, 1974, Greg, born May 14, 1976, and Christopher, born January 18, 1979. Pursuant to an agreement between the parties, the trial court awarded them joint legal custody of the children, and plaintiff was awarded physical custody. In recognition of both parents' active and meaningful relationship with each child, the court granted defendant "regular, consistent, and expansive visitation". In addition, as required by MCR 3.209(D)(1), the judgment provided that neither party could remove the children from the state without prior court approval.

On June 19, 1985, plaintiff filed her petition to remove the children from the Houghton-Hancock area to Colorado. At a hearing on the petition, she testified that she had secured a higher paying position as a nurse in Broomfield, Colorado, that there was more opportunity for advancement in the new job and that she could continue her education in the Denver area, unlike in the Houghton-Hancock area. Plaintiff felt that the more moderate climate would be beneficial to Christopher and Jason, both of whom suffer from asthma, but she introduced no competent medical evidence in support of her opinion. She also testified that the boys would attend a larger, more modern school with smaller class sizes and that they would be able to continue their religious instruction, violin lessons, and sports activities.

Defendant owns a Red Owl grocery store in Hancock. There is no question that he has a close relationship with the children. While defendant had formal visitation every Wednesday evening and on alternate weekends, his contact with the children went beyond that. He is a Cub Scout leader, takes them to hockey practices and games,

coaches their Little League team, and participates in their religious instruction. He also attended their parent-teacher conferences with plaintiff. Defendant testified that a move to Colorado would be detrimental to the relationship he has with the boys.

At the time of the hearing before the trial court, plaintiff had already left her position with Portage View Hospital, leased a house in Broomfield, and was committed to selling her home in Houghton. At the time of oral argument on appeal before this Court, plaintiff had completed the move to Colorado and the children were living with their father.

MCR 3.209(D) provides that the order awarding custody of a child must state that the residence of the child may not be moved from the state without approval of the court which awarded custody. This Court will not disturb the trial court's ruling on a petition to remove a minor child from the state unless the court made findings of fact against the great weight of the evidence, committed a palpable abuse of discretion, or made a clear legal error on a major issue. MCL 722.28; MSA 25.312(8). *Scott v Scott,* 124 Mich App 448, 450; 335 NW2d 68 (1983).

There is currently a split of authority among the panels of this Court as to the factors a trial court must consider when ruling on a motion for removal of a minor child from the state. Two panels, *Watters v Watters,* 112 Mich App 1; 314 NW2d 778 (1981), and *Hutchins v Hutchins,* 84 Mich App 236; 269 NW2d 539 (1978), have determined that the "best interest of the child" factors listed in the Child Custody Act, MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.,* should be applied. Three panels, *Bielawski v Bielawski,* 137 Mich App 587; 358 NW2d 383 (1984); *Scott v Scott,* 124 Mich App 448; 335 NW2d 68 (1983), and *Henry v Henry,* 119

Mich App 319; 326 NW2d 497 (1982), have adopted
the four-factor test found in *D'Onofrio v D'Onofrio*,
144 NJ Super 200; 365 A2d 27 (1976), *aff'd* 144 NJ
Super 352; 365 A2d 716 (1976). The trial court in
the present case applied the *D'Onofrio* test, and we
agree that that is the appropriate standard. We
are not concerned with a true change of custody. A
parent with joint legal custody is seeking to move
to another state. In many other cases, the party
requesting to change residence has both legal and
physical custody. Furthermore, in factor number
one of the *D'Onofrio* factors stated below, elements
of the "best interest of the child" test are present.
The trial court must of necessity measure the
impact of the move on the children.

The four *D'Onofrio* factors which must be evalu-
ated by a trial court when ruling on a motion to
remove a minor from Michigan are:

"(1) 'It should consider the prospective advantages of
the move in terms of its likely capacity for improving
the general quality of life for both the custodial parent
and the children.

"(2) 'It must evaluate the integrity of the motives of
the custodial parent in seeking the move in order to
determine whether the removal is inspired primarily by
the desire to defeat or frustrate visitation by the non-
custodial parent, and whether the custodian is likely to
comply with substitute visitation orders when she is no
longer subject to the jurisdiction of the courts of this
State.

"(3) 'It must likewise take into account the integrity
of the noncustodial parent's motives in resisting the
removal and consider the extent to which, if at all, the
opposition is intended to secure a financial advantage in
respect of continuing support obligations.

"(4) 'Finally, the court must be satisfied that there
will be a realistic opportunity for visitation in lieu of
the weekly pattern which can provide an adequate basis
for preserving and fostering the parental relationship

with the noncustodial parent if removal is allowed.' "
*Henry, supra,* pp 323-324.

The trial court determined that the first and fourth factors did not weigh in favor of plaintiff. Plaintiff contends that the trial court abused its discretion, committed a clear legal error, and rendered a decision against the great weight of the evidence in determining that these factors were not met.

Plaintiff first points to numerous instances in which the trial court made findings of fact allegedly against the great weight of the evidence:

1. "The health of the parents is good and that of the children is relatively good with perhaps some discomfort suffered by the children whether it would be a childhood disease or just what—probably outgrown."

Plaintiff asserts that this finding was erroneous in light of the testimony regarding the severe asthmatic condition of the youngest child. However, the court did mention the boys' asthma, commenting that the children had received the best care possible for it. This finding is not against the great weight of the evidence. While plaintiff thought that the moderate Colorado climate might help the children's asthma, she introduced no evidence to substantiate her belief. On the contrary, she admitted at the hearing that the children's pediatrician did not know whether the move would improve the boys' condition. Given the boys' participation in a variety of physically demanding sports, the trial court's conclusion that they were in relatively good health is not against the great weight of the evidence.

2. "The Court finds that the family resides of course in a relatively small community, Houghton or Hancock.

There's no distinguishing between them, where both disorder, crime, use of drugs is at a minimum."

Plaintiff contends that no evidence was presented on the level of crime, disorder, and drug use in Houghton-Hancock and, therefore, that this finding is against the great weight of the evidence. As the finding merely compares Houghton and Hancock, it is not based on the question of whether the quality of life is better in Colorado or Michigan, and is irrelevant. At any rate, the court could properly take judicial notice of this fact. MRE 201.

3. "[T]here's been no emotional trauma, no upset is present here, all of which would result, in the Court's opinion, of moving to another environment."

Plaintiff contends that this finding is contradicted by the evidence. Plaintiff testified that the children were looking forward to moving to Colorado, they had changed schools, homes, and friends previously without trauma, and would have relatives in Colorado. Defendant testified to the strong emotional ties he had with the children, and stated that moving them to Colorado would remove their "entire support system". Although the boys moved from Hancock to Houghton, the two are essentially one combined city, and they did not lose their relationship with their father. Plaintiff's relatives in Colorado are distant ones whom she has not seen often. The trial court observed both witnesses, and its finding that the boys would experience trauma in leaving behind the close relationship they had with their father is not against the great weight of the evidence.

4. "Also the fact that the minor children are boys, the

Court is of the opinion that they are in need of a fatherly image and to separate them and to deprive them of this facility, this opportunity, the Court is reluctant to do."

While there was no evidence introduced showing that because the children were male they were more in need of a fatherly image than a female child would be, there was ample evidence showing defendant's active participation in the boys' activities. We conclude that the trial court's conclusion that the children were in need of a fatherly image and would be deprived of it by the move is not against the great weight of the evidence.

5. "The Court finds that the perspective *[sic]* advantages of the move will not improve the general quality of life for both the custodial parent and the children."

In this statement the trial court directly evaluated factor (1) of the *D'Onofrio* standard, and found that it had not been met. It appears that plaintiff's quality of life would improve in Colorado. She moved to northern Michigan believing it to be a temporary move, and she does not appear to enjoy the area. She would be earning a higher salary in Colorado. Her hours would be less demanding, and she would have increased educational opportunities, as well as closer contact with relatives. However, the first *D'Onofrio* factor requires the trial court to consider whether the quality of life will increase for *both* the custodial parent and children. The test focuses on the best interests of the new family unit. *Henry, supra,* p 324. The increased quality of the children's lives is weighed in the present case by balancing a larger school, religious education classes, more church activities, violin lessons, and a longer skiing season against the day-to-day presence and relation-

ship with their father. In considering this balance, the trial court determined that the extraordinary relationship the children have with their father outweighed the added enticements of Colorado. That finding is not against the great weight of the evidence.

6. "The Court is not satisfied that there will be a realistic opportunity for visitation in lieu—or for—opportunity—yes, for visitation in lieu of the visitation pattern now in existence for preserving and fostering a parental relationship with the noncustodial parent if removal is allowed. His visitation, contrary to the terms of the divorce judgment, would no longer be regular, consistent and expansive, but would be limited to four weeks a year. The Court is not of the opinion that writing letters, telephone calls may be substitute *[sic]* for the actual physical visitation between parent and children." (The court shortly thereafter noted that the visitation proposed was two months per year.)

This finding directly addressed the fourth factor of the *D'Onofrio* test, and the trial court determined that it had not been met. The evidence indicated that the children visited with defendant every Wednesday evening and every other weekend, as well as during various activities such as Little League, hockey, and Cub Scouts. Under the proposed plan of visitation, the boys would live with defendant for two months per year in two four-week intervals.

The fourth *D'Onofrio* factor requires that the court be satisfied that the move will allow a realistic alternative opportunity for visitation which will preserve and foster the noncustodial parental relationship. The trial court determined that visitation two months per year and letters and phone calls were not a realistic alternative to the weekly pattern of visitation that had been established.

Given the close relationship of the defendant and the children, we cannot conclude that the trial court's finding is against the great weight of the evidence.

The trial court was faced with two alternatives:

1. Allow the move to Colorado and give the father visitation for two or more months per year plus frequent mail and telephone communication.

2. Refuse to allow the move and give the mother two or more months visitation per year plus frequent mail and telephone communication.

Given the equal devotion of the parents to the children and the wholesome life available to the children in Houghton-Hancock, the choice made by the trial court was fair and reasonable.

Plaintiff's final argument is that the trial court abused its discretion and committed a clear legal error by refusing to consider plaintiff's sale of her home in Houghton and loss of employment when ruling on the petition. We disagree. The plaintiff's actions in quitting her job and selling her house were taken unilaterally and were not relevant to the trial court's determination. Plaintiff could have waited until the trial court made its determination. Her actions, although apparently not taken in bad faith, may not be used to force the court to make findings of inadequate quality of life in Houghton, so as to enhance the desirability of a move to Colorado.

The trial court was faced with an especially difficult task in this case. Both parties are dedicated and competent parents who have the well-being of their children at heart. We conclude that the trial court, after hearing the parties' testimony and applying the factors set forth in *D'Onofrio,* did not abuse its discretion in denying plaintiff's petition.

Affirmed.