MILLS v MILLS

Docket No. 80083. Submitted June 20, 1985, at Detroit. Decided June 16, 1986.

Plaintiff, Mary H. Mills, and defendant, Grant E. Mills, were granted a divorce by the Oakland Circuit Court, Frederick C. Ziem, J. The court gave custody of their minor child, Jessica Mills, jointly to the parties. The divorce judgment specified that plaintiff would have physical custody of the child except for weekends and six weeks every summer, at which times defendant would have physical custody. The judgment also specified that the domicile of the child shall not be removed from the state without the court's permission. Plaintiff subsequently decided to remarry and move to New York, where her fiancé resided. Plaintiff filed a petition in the circuit court seeking to remove the child's domicile to New York and to modify the physical custody provisions of the divorce judgment. Defendant responded with a petition seeking sole custody of the child. After a hearing, the circuit court granted plaintiff's petition to remove the child's domicile, continued the parties' joint custody, gave physical custody to defendant during specified periods, and denied defendant's petition. Defendant appealed. *Held:*

In exercising its discretion to allow or not to allow removal of a child from the state, the circuit court should have followed the following criteria: (1) whether the prospective move had the capacity to improve the quality of life for both plaintiff and the child; (2) whether the move was inspired by plaintiff's desire to defeat or frustrate visitation by defendant and whether plaintiff was likely to comply with the substitute visitation orders where she is no longer subject to the jurisdiction of the courts of this state; (3) the extent to which defendant, in resisting the move, was motivated by the desire to secure a financial advantage in respect of a continuing support obligation; and (4) the

REFERENCES

Am Jur 2d, Divorce and Separation §§ 964-1017.

Propriety of awarding joint custody of children. 17 ALR4th 1013.

Desire of child as to geographical location of residence or domicile as factor in awarding custody or terminating parental rights. 10 ALR4th 827.

degree to which the court was satisfied that there will be a realistic opportunity for visitation in lieu of the weekly pattern which can provide an adequate basis for preserving and fostering the parental relationship with defendant if removal was allowed. Although the circuit court did not specifically follow those criteria, the Court of Appeals, in applying the above criteria to the facts in this case, concluded that the circuit court did not abuse its discretion in granting plaintiff's petition to change the child's domicile and to modify the divorce judgment with respect to the time periods during which defendant would have physical custody of the child.

Affirmed.

D. E. HOLBROOK, JR., P.J., concurred separately.

PARENT AND CHILD — CHILD CUSTODY — MOTION TO REMOVE CHILD.

A trial court in ruling on a motion by a parent who has custody of a minor child under a judgment of divorce for permission to remove the child from the state must consider: (1) whether the prospective move has the capacity to improve the quality of life for both the custodial parent and the child; (2) whether the move is inspired by the custodial parent's desire to defeat or frustrate visitation by the noncustodial parent and whether the custodial parent is likely to comply with the substitute visitation orders where he is no longer subject to the jurisdiction of the courts of this state; (3) the extent to which the noncustodial parent who resists the move is motivated by the desire to secure a financial advantage in respect of a continuing support obligation; and (4) the degree to which the court is satisfied that there will be a realistic opportunity for visitation in lieu of the weekly pattern which can provide an adequate basis for preserving and fostering the parental relationship with the noncustodial parent if removal is allowed.

*Moss, Sarvis, Gullen & Herrmann* (by *Christopher R. Gullen*), for plaintiff.

*Stanley T. Dobry,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and W. J. CAPRATHE,* JJ.

W. J. CAPRATHE, J. The parties were divorced in May, 1981. The judgment provided for joint physi-

* Circuit judge, sitting on the Court of Appeals by assignment.

cal and legal custody of their daughter, Jessica Mills, born April 11, 1977. In October, 1983, plaintiff, Mary Helen Mills, filed a petition for leave to remove Jessica's domicile to New York and for modification of the divorce judgment with regard to child custody. Defendant, Grant E. Mills, brought a countermotion to modify the divorce judgment. Following an evidentiary hearing, the circuit court granted plaintiff's petition, modified the judgment of divorce regarding custody, and denied defendant's petition. Defendant appeals as of right from that order.

Defendant contends that the lower court erred in two respects: (1) that the lower court should have decided plaintiff's petition based on the "clear and convincing evidence" rule of MCL 722.27(c); MSA 25.312(7)(c) rather than by the preponderance of evidence on the "best interests of the child" factors stated in MCL 722.23; MSA 25.312(3), and (2) that the lower court abused its discretion in modifying the custody provision of the judgment of divorce. We disagree with both of defendant's contentions.

The original 1981 divorce judgment provided for joint legal and physical custody of Jessica as follows:

### CUSTODY OF MINOR CHILD

IT IS FURTHER ADJUDGED AND ORDERED that the parties have joint care, custody, control and education of JESSICA MILLS, minor child of the parties, until said child is eighteen (18) years old, or until the further Order of the Court; that Plaintiff, MARY HELEN MILLS, have the physical custody of the child during the week and that the Defendant, GRANT E. MILLS, have physical custody of the child all weekends each month except one (1) weekend, commencing 6:00 P.M. on Friday, and the child shall be returned to the mother by 8:00 A.M. the

following Monday morning; that when the Defendant does not have weekend custody of the child, he shall have physical custody for two (2) days during the following week, and

IT IS FURTHER ADJUDGED AND ORDERED that Defendant, GRANT E. MILLS, have physical custody of JESSICA MILLS for six (6) weeks during each summer, and in the event the parties cannot agree upon which six (6) week period the father shall have physical custody, then the Court shall determine the time of his custody; that during said six (6) week period, the Plaintiff shall have physical custody of JESSICA MILLS from Friday afternoon at 6:00 P.M. until Monday morning at 8:00 A.M., and

IT IS FURTHER ADJUDGED AND ORDERED that the domicile of said child shall not be removed from the State of Michigan without the approval of this Court and that Plaintiff shall promptly notify the Friend of the Court whenever said child is moved to another address.

The arrangement worked well until plaintiff became engaged to marry Wes Holloway, and IBM Corporation executive who resides in Scarsdale, New York. Because of her desire to live in New York after the marriage, plaintiff filed the petition for leave to remove domicile and to modify the divorce judgment regarding child custody. The petition asked the court to change Jessica's domicile and modify the joint physical custody provisions in the judgment. Plaintiff stated in the petition that the existing custody arrangements would be impractical because of the amount of travel involved. Defendant's petition, filed in November, 1983, sought an order modifying the divorce judgment so that defendant would have primary physical custody of Jessica, with reasonable visitation for plaintiff.

During the hearing in the lower court, defendant contended that the proceeding was actually

for a change in custody, with the change of domicile issue being of secondary importance. Plaintiff took the view that the proceeding was for a change of domicile.

After the hearing, the lower court made findings on each of the "best interests of the child" factors stated in MCL 722.23; MSA 25.312(3) and concluded that the evidence preponderated in favor of granting plaintiff's petition. The court declined to apply the "clear and convincing evidence" rule of MCL 722.27(c); MSA 25.312(7)(c), reasoning that plaintiff's petition was not for a change in the "established custodial environment."[1]

The court denied defendant's petition for sole custody and granted plaintiff permission to remove Jessica's domicile to New York. It continued joint legal custody, giving defendant custody as follows: eleven weeks each summer, a three-day weekend each October, alternate Thanksgivings, a week

---

[1] Section 7 of the act permits the court to modify or amend previous custody, support, and visitation orders for proper cause shown or because of a change in circumstances. It states, in pertinent part:

Sec. 7. If a child custody dispute has been submitted to a circuit court as an original action under this act or has arisen incidentally from another action in a circuit court or another [sic] judgment of a circuit court, *for the best interests of the child the court may:*

* * *

(c) Modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances until the child reaches 18 years of age. *The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child.* The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered. [MCL 722.27; MSA 25.312(7). Emphasis added.]

each Christmas, to begin December 26, on the even years, each school break between the Christmas and Easter school breaks, a three-day weekend each May, and at all other times agreed upon by the parties.

On appeal, defendant does not contest the denial of his petition for custody. Rather, he requests us to vacate the circuit court's order and reinstate the original custody and domicile provisions on the ground that the lower court abused its discretion in granting the change of domicile and modifying the custody provisions of the judgment of divorce.

A. Change of Domicile

In deciding whether the lower court erred in granting plaintiff's petition, we first address defendant's contention that a change of domicile in a joint custody context amounts, as a practical matter, to a change to sole custody. If this is correct, then under MCL 722.27(c); MSA 25.312(7)(c) the lower court would have had power to change Jessica's domicile only if there was "clear and convincing evidence" that such would be in her best interests. We agree with plaintiff's characterization of the proceedings as being for a change of domicile with modification of the terms of custody, rather than for a change of custody. The original judgment provided for joint custody and the modified judgment clearly continued that joint custody. See *Scott v Scott,* 124 Mich App 448, 451; 335 NW2d 68 (1983).[2] We therefore reject defendant's argument that the lower court changed Jessica's custody as a practical matter and hold that the

[2] The *Scott* case involved a joint physical custody situation in which one of the parents petitioned to remove the minor children to Ohio. The only difference between *Scott* and the instant case is that, in the present situation, the plaintiff included with her petition for a change of domicile a request for modification of the residency terms of the joint custody provision of the divorce judgment.

lower court did not err in declining to apply the "clear and convincing evidence" standard.

Having determined that the lower court properly decided the petition based on the preponderance of the evidence, we next determine whether the lower court erred in granting the petition to remove Jessica from the state based on the "best interests of the child" factors. In *Bielawski v Bielawski,* 137 Mich App 587, 593; 358 NW2d 383 (1984), this Court held that in reviewing a lower court's grant of a petition to remove a child from the state, we must decide whether the lower court abused its discretion. See also *Scott, supra,* p 451, and MCL 722.28; MSA 25.312(8). In exercising its discretion to allow or not to allow removal of a child from the state, the lower court should have followed the criteria enunciated in *D'Onofrio v D'Onofrio,* 144 NJ Super 200, 206-207; 365 A2d 27 (1976), referred to in *Scott, supra,* p 452:[3] (1) whether the prospective move has the capacity to improve the quality of life for both the custodial parent and the child; (2) whether the move is inspired by the custodial parent's desire to defeat or frustrate visitation by the noncustodial parent and whether the custodial parent is likely to comply with the substitute visitation orders where he or she is no longer subject to the jurisdiction of the courts of this state; (3) the extent to which the noncustodial parent who resists the move is motivated by the desire to secure a financial advantage in respect of a continuing support obligation; and (4) the degree to which the court is satisfied that there will be a realistic opportunity for visitation in lieu of the weekly pattern which can provide an adequate basis for preserving and fostering the

---

[3] The *Scott* Court applied the *D'Onofrio* factors to a joint custody situation, although acknowledging that *D'Onofiro* involved the removal of children by the sole custodial parent.

parental relationship with the noncustodial parent if removal is allowed.

Although the lower court discussed and relied on the "best interests of the child" factors and did not expressly apply the *D'Onofrio* factors, we still find no palpable abuse of discretion in granting plaintiff's petition. The evidence, when viewed in light of the *D'Onofrio* factors, still supports the judge's finding. As to factor one, plaintiff testified that if her petition was granted she would move to New York and marry Mr. Holloway. Mr Holloway's four- to five-bedroom home is in a nice residential area. He earns over $120,000 per year. Plaintiff intended to take a year off after the wedding and return to work thereafter. This evidence supports a finding that the quality of life would be improved for both Jessica and the plaintiff in New York. As to the second factor, there was no suggestion that the move was inspired by a desire to defeat the relationship between Jessica and her father. On the contrary, the court found that both parties were equally willing to encourage an ongoing relationship between the child and the other parent. As to factor four, the lower court provided a realistic opportunity for defendant to have custody of Jessica in Milford. Defendant was given several more weeks of residency during the summer and other periods during the year in lieu of the weekly pattern which had existed. We therefore find that the lower court did not err in granting plaintiff's petition to change Jessica's domicile.

## B. Modification of Residency Terms

Defendant contends that the lower court erred in changing the residency terms of the joint custody provision of the judgment of divorce. Although neither party addresses the standard to be applied where the court modifies the residency

terms of a joint custody order, we think the court's decision in this regard is similar to a change in domicile and should be reversed only where it evidences an abuse of discretion.

The lower court modified the residency terms of the joint custody order because the distance between the residences of the joint custodians was vastly increased as a result of the change of domicile. Having found that the lower court did not abuse its discretion in granting plaintiff's petition to change domicile, we think it was beneficial to both parties to modify the residency terms in the joint custody order. Travel between the residences would have been much more costly for both parents and burdensome for the child had the original residency terms remained intact. The new terms give defendant more time with Jessica in the summer and require both parties to share equally the transportation expenses. We believe that it would have been untenable not to change the residency terms. We, therefore, find that the lower court did not abuse its discretion in modifying the residency terms of the joint custody order.

Affirmed.

D. E. Holbrook, Jr., P.J. *(concurring)*. I concur. To the extent that this conflicts with my position in *Watters v Watters,* 112 Mich App 1; 314 NW2d 778 (1981), I retreat from that position.