DEHRING v DEHRING

Docket No. 189697. Submitted July 18, 1996, at Lansing. Decided November 19, 1996, at 9:00 A.M.

Susan Y. Dehring obtained a divorce from Jeffrey A. Dehring in the Alpena Circuit Court, Joseph P. Swallow, J., and was awarded physical custody of the parties' children. The defendant subsequently filed a petition seeking to be awarded physical custody of the children upon learning that the plaintiff intended to move with the children from Alpena to the Kalamazoo area. The court denied the request for change of custody. The defendant appealed.

The Court of Appeals *held*:

MCL 722.27(1)(c); MSA 25.312(7)(1)(c) provides that a trial court may amend or modify a previous judgment or order awarding custody only for proper cause shown or because of change of circumstances. By itself, an intrastate change of the domicile of the child or children covered by a judgment or order of custody does not constitute proper cause or change of circumstances that would warrant a reanalysis of the factors specified in MCL 722.23; MSA 25.312(3) for determining the child's or children's best interests in terms of custody.

Affirmed.

DIVORCE — CHILD CUSTODY — INTRASTATE CHANGES IN CHILDREN'S CUSTODY.

A trial court that grants a divorce and awards custody of the divorced couple's children may amend or modify the award of custody only for proper cause shown or because of change of circumstances; an intrastate change in the children's domicile, by itself, does not constitute proper cause or change of circumstances upon which to base a change in custody (MCL 722.27[1][c]; MSA 25.312[7][1][c]).

*Gillard, Bauer, Mazrum, Florip, Smigelski & Gulden* (by *Roger C. Bauer*), for the plaintiff.

*Robert B. Kane & Associates* (by *Robert B. Kane*), for the defendant.

Before: Sawyer, P.J., and Bandstra and M. J. Talbot,* JJ.

Bandstra, J. Defendant appeals as of right the trial court order that denied his request for a change of custody of the parties' minor children, Matthew August Dehring and Michael Jaymes Dehring. We affirm.

The parties were divorced on March 8, 1994. Joint legal custody of the minor children was awarded to the parties, while primary physical custody was granted to plaintiff. On June 21, 1995, defendant filed a petition requesting the court to award him physical custody of the children because plaintiff intended to move with the children from Alpena to the Kalamazoo area so that she could attend Western Michigan University beginning in the fall of 1995. After a hearing and oral arguments were held in September 1995, the trial court found as a matter of law that plaintiff's proposed intrastate move was not per se a sufficient change in circumstances to warrant review of the custody issue. The court denied defendant's request for change in custody on that basis.

Defendant argues that the trial court erred in finding that the proposed change in domicile of the children did not present a sufficient change in circumstances to warrant a reanalysis of the statutory best interest factors pursuant to MCL 722.23; MSA 25.312(3). We disagree. MCL 722.27(1)(c); MSA 25.312(7)(1)(c) provides that a trial court may amend or modify its previous custody judgment or order

---

* Circuit judge, sitting on the Court of Appeals by assignment.

only "for proper cause shown or because of change of circumstances." In addition, this Court has stated:

> The plain and ordinary language used in MCL 722.27(1)(c); MSA 25.312(7)(1)(c) evinces the Legislature's intent to condition a trial court's reconsideration of the statutory best interest factors on a determination by the court that the party seeking the change has demonstrated either a proper cause shown or a change of circumstances. It therefore follows as a corollary that where the party seeking to change custody has not carried the initial burden of establishing either proper cause or a change of circumstances, the trial court is not authorized by statute to revisit an otherwise valid prior custody decision and engage in a reconsideration of the statutory best interest factors. [*Rossow v Aranda*, 206 Mich App 456, 458; 522 NW2d 874 (1994).]

No Michigan cases have addressed the precise issue whether an intrastate change of domicile constitutes "proper cause" or a "change of circumstances" sufficient to reopen the custody question. However, this Court has repeatedly refused to revisit the best interest factors in interstate change of domicile cases. *Overall v Overall*, 203 Mich App 450, 457-460; 512 NW2d 851 (1994); *Anderson v Anderson*, 170 Mich App 305, 309; 427 NW2d 627 (1988); *Mills v Mills*, 152 Mich App 388, 393-395; 393 NW2d 903 (1986); *Dick v Dick*, 147 Mich App 513, 517-518; 383 NW2d 240 (1985); *Bielawski v Bielawski*, 137 Mich App 587, 591-592; 358 NW2d 383 (1984); *Scott v Scott*, 124 Mich App 448, 451-452; 335 NW2d 68 (1983); *Henry v Henry*, 119 Mich App 319, 323-324; 326 NW2d 497 (1982).[1] See also *Costantini v Costantini*, 446 Mich

---

[1] But see cases in which this Court considered the best interest factors: *Schubring v Schubring*, 190 Mich App 468, 470; 476 NW2d 434 (1991); *Watters v Watters*, 112 Mich App 1, 11-12; 314 NW2d 778 (1981); *Hutchins v Hutchins*, 84 Mich App 236, 238; 269 NW2d 539 (1978).

870, 870-871 (1994) (RILEY, J., concurring) (change of domicile of the parties' minor children from Michigan to New Jersey does not warrant a review of the best interest factors); *Becker v Becker*, 694 P2d 608, 609-611 (Utah, 1984) (a change of domicile of the parties' minor child from Utah to Washington does not constitute "a substantial change in circumstances" to justify reopening the question of custody). Interstate moves involve an additional factor, the removal of a child from the jurisdiction of the Michigan courts. These precedents are compelling authority not to revisit the custody question as a result of an intrastate move, where the child stays within the jurisdiction of our courts.

We conclude that defendant has failed to establish either proper cause or a change of circumstances warranting a change of custody. Accordingly, the trial court was not required by MCL 722.27(1)(c); MSA 25.312(7)(1)(c) to address the statutory best interest factors. Furthermore, pursuant to the judgment of divorce, plaintiff was not required to obtain permission from the court to make an intrastate move from Alpena to Kalamazoo. MCR 3.211(C)(1) states that "the domicile or residence of the minor may not be moved from Michigan without the approval of the judge who awarded custody or the judge's successor . . . ." MCR 3.211(C)(1) strongly suggests that, in contrast to an interstate move where a child is taken outside the jurisdiction of the Michigan courts, an intrastate change of domicile does not require any pre-approval by the trial court. Instead, plaintiff is only required to notify the friend of the court concerning the intrastate move. MCR 3.211(C)(2). We conclude that these rule provisions are consistent

with the statute and that the intrastate move was not "proper cause shown or . . . change of circumstances" sufficient to allow the court to reconsider its custody decision.

In reaching this conclusion, we recognize that non-custodial parents may be hindered in visiting their children as a result of an intrastate move. However, a decision to award custody cannot necessarily tie a custodial parent to a particular community until the minor children reach the age of majority, nor should the custodial parent be fearful of losing custody if a decision is made to make an intrastate move. Although community ties are important to a child, we conclude that the tie with the custodial parent is paramount and overrides ties to the community, meaning that a custodial parent's decision to make an intrastate move must be honored. While a reconsideration of custody is inappropriate at this time, defendant may request a modification of his visitation rights, in light of the move to Kalamazoo, if he has not already made such a request. MCL 722.27a; MSA 25.312(7a); see also *Mauro v Mauro*, 196 Mich App 1, 4; 492 NW2d 758 (1992).

Defendant also argues that the trial court erred in applying the four-factor test enunciated in *D'Onofrio v D'Onofrio*, 144 NJ Super 200; 365 A2d 27 (1976), because there was no petition for a change of domicile before the court. See *Overall, supra* at 458-459; *Anderson, supra* at 308-309. However, the trial court's analysis of the *D'Onofrio* factors was not the basis for its decision. The trial court discussed *D'Onofrio* apparently to provide an alternative justification for the decision. In any event, the application of the *D'Onofrio* factors is irrelevant when dealing with an

intrastate move as in this case. Any error by the trial court was harmless.

We affirm.