SEHLKE v VANDERMAAS

Docket No. 262346. Submitted September 15, 2005, at Lansing. Decided
     September 27, 2005, at 9:00 a.m. In lieu of granting leave to
     appeal, we reverse in part the judgment of the Court of Appeals
     and reinstate the Clinton Circuit Court's order granting a change
     in custody, 474 Mich 1053.

   In an action brought by Matthew L. Sehlke in the Family Division of the
     Clinton Circuit Court against Jennifer L. VanDerMaas, the legal
     custody of the parties' son was awarded jointly to them and physical
     custody was awarded to the defendant. The plaintiff moved for a
     redetermination of custody after the defendant and the child moved
     their residence 140 miles away from the plaintiff's residence allegedly
     without the plaintiff's consent, as required by the custody order, and
     in violation of the parties' agreement. The court, Lisa Sullivan, J.,
     awarded physical custody to the plaintiff after determining that the
     unauthorized move constituted a change in circumstance sufficient to
     redetermine custody and that the custody factors indicated physical
     custody with the plaintiff is in the child's best interest. The defendant
     appealed, arguing the absence of a change in circumstance and the
     impropriety of holding the custody hearing prematurely.

     The Court of Appeals *held*:

     1. By approving MCL 722.31, the Legislature clearly defined
public policy regarding parental moves. MCL 722.31 provides that,
unless sole legal custody is granted to one of the parents, a child has
a legal residence with both parents and that legal residence cannot be
moved to a location more than 100 miles from the child's original
residence, except with the consent of the other parent or by permis-
sion of the court, or unless the move would cause the child's legal
residences to be closer to each other. A move by a custodial parent in
violation of that statute constitutes a change in circumstance that
authorizes the trial court to reopen the custody matter.

     2. Given that the Legislature has forbidden moves of more
than 100 miles without the consent of the other parent or
permission of the trial court, the trial court in this case did not err
in concluding that the fact of the unauthorized move alone is
sufficient to cause a change in circumstances.

     3. Custody was redetermined prematurely without opportu-
nity for a review by the friend of the court or a separate

evidentiary hearing after the determination that there was a change in circumstance. The order granting a change of custody must be vacated and the matter must be remanded for an evidentiary hearing on the issue of change in custody, preceded by a referral to the friend of the court for investigation and report if appropriate.

Affirmed in part, custody order vacated, and remanded for further proceedings.

PARENT AND CHILD — CHILD CUSTODY — PHYSICAL CUSTODY — INTRASTATE CHANGE IN RESIDENCE.

An intrastate change in residence of over 100 miles from the place of residence at the time the custody issue was originally decided is a change in circumstance allowing the court to reopen the custody issue if neither the noncustodial parent nor the court approved the move (MCL 722.31).

*William G. Jackson, P.C.* (by *Roberta R. Ballard*), for the plaintiff.

*Willingham & Coté, P.C.* (by *Curtis R. Hadley* and *Robert B. Bellgowan, Jr.*), for the defendant.

Before: SAWYER, P.J., and TALBOT and BORRELLO, JJ.

SAWYER, P.J. We are asked in this case to revisit our holding in *Dehring v Dehring*[1] that an intrastate change of domicile does not constitute a sufficient change of circumstance to reopen a custody case. In light of statutory changes enacted after our decision in *Dehring*, we now hold that an intrastate change in legal residence in excess of 100 miles constitutes a change in circumstances sufficient to reopen a custody matter.

The parties, who were never married, lived together in DeWitt in Clinton County and had a child who was born in 2000. Thereafter, the parties separated and a custody action was brought. A custody order was entered in 2003 that granted shared legal custody, but

[1] 220 Mich App 163; 559 NW2d 59 (1996).

granted physical custody to defendant with reasonable and liberal parenting time to plaintiff.

Plaintiff petitioned the court in March 2005 for a change in custody. The basis for plaintiff's request was that defendant had moved with their son to Lexington, Michigan, approximately 140 miles away, and that plaintiff's visitation would be reduced as a result. Plaintiff alleged that the move was without his consent as required by the custody order and in violation of the parties' agreement that when their son reached school age he would attend the DeWitt Public Schools.

After a hearing on plaintiff's petition, the trial court determined that the unauthorized move constituted a change in circumstance. Further, after reviewing the custody factors, the court determined that it was in child's best interests for physical custody to be changed to plaintiff. The parties retained joint legal custody. Defendant now appeals. We affirm in part, vacate the order for the change in custody, and remand.

Defendant first argues that the trial court erred in determining that there was a change in circumstance before hearing any evidence. We disagree. When *Dehring* was decided, there was no statutory requirement that parents obtain permission of the court before moving the child's domicile intrastate.[2] Moreover, the *Dehring* Court specifically weighed the policy considerations of restricting the custodial parent's ability to move to a different community and the child's need to maintain ties to the current community.[3] *Dehring* acknowledged that such a move would hinder the noncustodial parent's visitation with the children. But, ultimately, the Court essentially concluded that the

[2] *Id.* at 166.

[3] *Id.* at 167.

paramount policy consideration was the custodial parent's ability to move to a different community.[4]

Subsequently, however, the Legislature determined that that was not the paramount policy consideration in Michigan and imposed restrictions on changing a child's legal residence to a location more than 100 miles away. Specifically, MCL 722.31, which was added to the Child Custody Act, MCL 722.21 *et seq.*, by 2000 PA 422, effective January 9, 2001, provides that, unless sole legal custody is granted to one of the parents, a child has a legal residence with both parents and that legal residence cannot be moved to a location more than 100 miles from the child's original legal residence, except with consent of the other parent or by permission of the court, or unless the move would cause the child's two legal residences to be closer to each other. The statute does not differentiate between interstate and intrastate moves.

Furthermore, where the court is called on to approve a change over the other parent's objection, the statute lists five factors to be considered, with the directive that the court's primary focus is on the child.[5] This directly conflicts with the directive in *Dehring*[6] that the focus is on the custodial parent's right to relocate over the child's interests in remaining in the community.

In sum, the Legislature acted to clearly define the public policy in this state regarding parental moves. It did so in a manner inconsistent with our holding in *Dehring*. Accordingly, we hold that our conclusion in *Dehring* has been overruled by statute in those cases for

---

[4] *Id.*

[5] MCL 722.31(4).

[6] *Dehring, supra* at 167.

which MCL 722.31 applies. In those cases, a move by the custodial parent in violation of MCL 722.31 constitutes a change in circumstance that authorizes the trial court to reopen the custody matter.

This brings us to the other point argued by defendant, namely that the trial court acted prematurely in concluding that there was a change in circumstance before hearing any evidence. It is true that the burden is on the moving party to establish by a preponderance of the evidence that either proper cause or a change of circumstances exists before the trial court may determine if an established custodial environment exists and conduct a review of the best interest factors to determine if custody should change.[7] This would normally imply the need to take evidence. But in this case, it was undisputed that defendant had relocated the child's legal residence with her more than 100 miles away and that she did so in violation of the statute. Given that the Legislature has forbidden such moves without consent of the other parent or permission of the trial court, we are of the opinion that the Legislature has expressed a sufficiently strong public policy position that it was not erroneous for the trial court to conclude that the fact of the unauthorized move alone is sufficient to constitute a change in circumstance.

While we conclude that a move in violation of MCL 722.31 by itself constitutes a change of circumstances, we note that this does not necessarily mean that the trial court must grant a change in custody. The court will still have to make the determination of what is in the best interests of the child and whether a change in custody is warranted. For that matter, a change in custody does not remedy the statutory violation as the statute precludes both the custodial and the noncusto-

---

[7] *Vodvarka v Grasmeyer*, 259 Mich App 499, 509; 675 NW2d 847 (2003).

dial parents from moving more than 100 miles away. The statutory violation can only be cured by (1) the offending parent moving back within the 100-mile range, presumably by order of the court under threat of contempt if necessary, (2) by transferring sole legal custody to the other parent so that the statute no longer applies, or (3) by belatedly granting a request by the parent to approve the move. We are not concerned here with remedying the statutory violation, but merely with the question whether the violation represents a change in circumstance. And we conclude that it does.

Turning to the custody determination itself, however, we agree with defendant that the matter was decided prematurely without opportunity for a friend of the court review or a separate evidentiary hearing after the determination that there was a change in circumstance. In short, the trial court should have waited to take up the matter of the actual request for a change in custody. Accordingly, we vacate the order granting a change in custody and remand the matter to the trial court to set the matter for an evidentiary hearing on the change in custody issue, preceded by a referral to the friend of the court for investigation and report if appropriate.

We see no need at this time to assign this matter to a different judge[8] or to address the issue regarding consideration of defendant's relationship with a married man.

---

[8] We are aware of the need to avoid even the appearance of impropriety. But nothing in the record suggests that the judge cannot render a fair and impartial ruling after considering any Friend of the Court recommendation or hearing any further evidence that may be presented. Further, we trust that the trial judge would recuse herself if she felt she could not look past her original ruling if any further proceedings would reveal the need to do so.

Affirmed in part, custody order vacated, and re-manded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.