SPIRES v BERGMAN

Docket Nos. 276722, 276841. Submitted August 7, 2007, at Grand Rapids. Decided August 21, 2007, at 9:00 a.m. Leave to appeal denied, 480 Mich ___.

Rita P. Spires brought a paternity action in the family division of the Ottawa Circuit Court against the acknowledged father of her minor child, Anthony J. Bergman, which resulted in Spires being granted sole physical and legal custody of the child. After Bergman filed a motion requesting that he be granted sole custody of the child, Spires filed a motion for change of domicile so that she and the child could move to Texas. The court, Jon H. Hulsing, J., did not hold an evidentiary hearing, but heard testimony that although Bergman did not consent to the change of domicile, because it appeared likely that the court would approve the change, the parties agreed that the plaintiff could move to Texas if the defendant was granted joint custody. The court granted Spires's motion for a change of domicile and granted both parties joint legal custody on the basis of their stipulated agreement. Bergman appealed both decisions, and the Court of Appeals consolidated the appeals.

The Court of Appeals *held*:

1. The trial court was not required to consider the factors set forth in *D'Onofrio v D'Onofrio*, 144 NJ Super 200 (1976), as codified in MCL 722.31(4), when making its decision regarding Spires's motion for a change of domicile, because Spires had sole legal custody of the child. Cases holding otherwise were decided before the statutory enactment that specifically rendered the *D'Onofrio* factors inapplicable to cases in which the parent seeking the change of domicile has sole custody.

2. Bergman was not bound by his stipulated agreement with Spires to consent to joint custody and a parenting-time schedule because stipulated agreements are not applicable to child-custody matters; rather, the trial court must independently determine what is in the best interests of the child. Accordingly, the trial court erred by failing to make findings of fact and by failing to rule on Bergman's motion for a change of custody.

3. Bergman is an aggrieved party for the purpose of filing an appeal because the trial court failed to consider Bergman's motion for sole legal and physical custody of the child.

4. The trial court was not required to rule on Bergman's custody motion before ruling on Spires's motion for a change of domicile.

Affirmed in part, vacated in part, and remanded for further proceedings.

PARENT AND CHILD — CHILD CUSTODY — STIPULATIONS.

Stipulated agreements by a child's parents are not applicable to child-custody matters; instead, the trial court must independently determine what is in the best interests of the child (MCL 722.27[1][c]).

*Krupp Law Offices, P.C.* (by *Christian G. Krupp, II*), for the plaintiff.

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *Jennifer M. Van Horn* and *Stanley J. Stek*), for the defendant.

Before: BANDSTRA, P.J., and CAVANAGH and JANSEN, JJ.

PER CURIAM. In Docket No. 276722, defendant appeals by leave granted the family court's order changing the domicile of the parties' minor child. In Docket No. 276841, defendant appeals by right the family court's custody determination, which is contained in the same order. We affirm in part, vacate in part, and remand for further proceedings on defendant's motion to change custody.

I

The parties are the parents of Malachi Joseph Bergman, born in 2001. The parties never married but defendant acknowledged paternity the day the child was born. An order of filiation was later entered.

Plaintiff received sole legal and physical custody of the child, and defendant received reasonable parenting time. The original order establishing paternity and custody provided that "the domicile or residence of the minor child shall not be changed from the State of Michigan without prior approval of [the court]."

In 2004, plaintiff filed a motion seeking to change the child's domicile from Michigan to Texas. Plaintiff alleged that she would have greater family support in Texas than she had in Michigan at that time. Defendant opposed the motion, arguing that the proposed move to Texas would "not allow meaningful parenting time and would further sever a warm and loving bond between the minor child and his extended family here in Michigan." In addition, defendant filed a motion requesting that the family court memorialize the parties' informal parenting-time agreement.

The parties appeared before a referee in September 2004, and agreed that defendant would have parenting time on alternate weekends. The family court entered a written order to this effect, but apparently did not rule on plaintiff's motion to change domicile at that time.

In October 2006, defendant moved for sole legal and physical custody of the child. Defendant argued that such a change was warranted because circumstances had changed and plaintiff could not provide a stable home for their son. Plaintiff responded that defendant had not met his burden of showing a change in circumstances to warrant a change of custody. Also in response, plaintiff again moved to change the child's domicile from Michigan to Texas. Plaintiff argued that MCL 722.31 did not apply because she had sole legal custody.

In December 2006, the family court held a hearing on the parties' motions. However, rather than conducting a

full evidentiary hearing to decide whether a change of custody or change of domicile was warranted, the court simply commented that the parties had reached a reasonable resolution of the matter. Plaintiff's attorney placed the parties' agreement on the record, stating that plaintiff could move to Waco, Texas, with the child as long as defendant would receive joint legal custody and plaintiff would not move more than 100 miles from Waco without the court's permission. Plaintiff's attorney also stated that the parties had agreed to alter defendant's parenting time.

Defendant's attorney then objected to the move to Texas, and stated that defendant did not consent to the change of domicile. However, defendant's attorney also stated that because the court was most likely going to approve the change of domicile, defendant wished "to consent to joint legal [custody], as well as the parenting time that was explained by [plaintiff's attorney], in the event the Court makes the decision that it has no choice . . . but to allow [the change of domicile]."

The court then granted plaintiff's motion for the change of domicile. The court opined that because plaintiff had sole legal custody of the child, MCL 722.31 did not apply in this case, and that it was therefore not required to consider the factors enumerated in MCL 722.31(4). In fact, the court concluded that because plaintiff had sole legal custody, it essentially had no choice but to approve the proposed change of domicile:

> So, the bottom line is the Court is determining that the plaintiff does not need permission of this Court, or the permission of the defendant, to relocate outside of the state of Michigan. Therefore, I am granting her request over the defendant's objection . . . . So, that is the decision of the Court as it pertains to that.

Concerning defendant's pending motion for a change of custody, the court stated that it would "take the rest of . . . the agreement, which is by way of stipulation." The court granted joint legal custody to both parties.

II

Defendant first argues that the family court erred by failing to hold a full evidentiary hearing and by failing to make findings of fact with respect to plaintiff's motion to change the child's domicile. Specifically, defendant contends that Michigan common law and MCR 3.211(C) required the court to consider the factors enumerated in *D'Onofrio v D'Onofrio*, 144 NJ Super 200, 206-207; 365 A2d 27 (1976), and that upon considering these factors, the court likely would have concluded that the proposed change of domicile was not in the child's best interest. We disagree.

The lower court's interpretation and application of statutes and court rules is reviewed de novo on appeal. *Muci v State Farm Mut Auto Ins Co*, 478 Mich 178, 187; 732 NW2d 88 (2007); *Haliw v Sterling Hts*, 471 Mich 700, 704; 691 NW2d 753 (2005). We review for an abuse of discretion the family court's decision to allow a parent to remove a child from the state. *Mogle v Scriver*, 241 Mich App 192, 202; 614 NW2d 696 (2000).

"By its language, MCL 722.31 specifically applies to all cases in which a parent wishes to change the legal residence of a child 'whose custody is governed by court order . . . .' " *Grew v Knox*, 265 Mich App 333, 338; 694 NW2d 772 (2005). The Michigan Legislature has specifically codified the change-of-domicile factors enumerated in *D'Onofrio, supra*, at MCL 722.31(4). *Rittershaus v Rittershaus*, 273 Mich App 462, 465; 730 NW2d 262 (2007). When the parents share joint custody and one parent is seeking permission to relocate more than 100

miles away, the family court must consider the factors of MCL 722.31(4). *Rittershaus, supra* at 465. However, when the parent seeking the change of domicile has sole legal custody of the child, MCL 722.31 does not apply, and the court need not consider the factors enumerated in subsection 4. MCL 722.31(2); see also *Rittershaus, supra* at 465.[1] In the present case, it is undisputed that plaintiff had sole legal custody of the child at the time of the proceedings below. Accordingly, MCL 722.31 did not govern plaintiff's request to change the child's domicile, and the family court properly declined to consider the factors of MCL 722.31(4).

However, defendant argues that the court was nonetheless required by the common law and by MCR 3.211(C) to make findings of fact on each of the *D'Onofrio* factors before approving the change of domicile. We address these arguments in turn.

Defendant asserts that notwithstanding the inapplicability of MCL 722.31 to this case, Michigan courts have a common-law obligation to consider the *D'Onofrio* factors before authorizing a change of domicile for a minor child. Defendant cites several cases for this proposition.[2]

This argument is simply without merit. It is true that in the cases cited by defendant, the *D'Onofrio* factors were used to determine whether the relocating parent should be allowed to change the child's domicile. How-

---

[1] Only when the parents share joint physical custody and the proposed change of domicile would also constitute a change in the child's established custodial environment is it also necessary to evaluate whether the change of domicile would be in the child's best interest. *Brown v Loveman*, 260 Mich App 576, 598 n 7; 680 NW2d 432 (2004). This concern is not present in the case at bar because plaintiff had sole legal and physical custody.

[2] See, e.g., *Mogle, supra* at 202-203; *Overall v Overall*, 203 Mich App 450, 458; 512 NW2d 851 (1994).

ever, all these cases were decided before the enactment of MCL 722.31 by way of 2000 PA 422. And as noted above, when the Legislature codified Michigan's usage of the *D'Onofrio* factors, it concurrently chose to expressly exempt custody cases in which the relocating parent has sole legal custody. MCL 722.31(2).

It is well settled that the Michigan Legislature has the power to change or modify the common law. Const 1963, art 3, § 7; *Wold Architects & Engineers v Strat*, 474 Mich 223, 233; 713 NW2d 750 (2006). The Legislature is presumed to be aware of the common law when it acts, and statutes must be interpreted in conformance with their express terms even if they conflict with the common law. *Id.* at 233-234. Even assuming arguendo that it was customary before the enactment of MCL 722.31 to consider the *D'Onofrio* factors in change-of-domicile matters wherein one parent had sole legal custody, the plain language of MCL 722.31(2) has altered any such practice. Use of the *D'Onofrio* factors in change-of-domicile cases is now exclusively controlled by MCL 722.31, and the language of MCL 722.31(2) plainly provides that "[t]his section does not apply if the order governing the child's custody grants sole legal custody to 1 of the child's parents." Defendant's argument that the family court was required by common law to apply the *D'Onofrio* factors, despite the express statutory exemption for parents with sole legal custody, is unsupported by Michigan law.

Defendant also argues that the family court was required to approve the proposed change of domicile, using the *D'Onofrio* factors, pursuant to MCR 3.211(C). MCR 3.211(C) provides:

> A judgment or order awarding custody of a minor must provide that

(1) the domicile or residence of the minor may not be moved from Michigan without the approval of the judge who awarded custody or the judge's successor,

(2) the person awarded custody must promptly notify the friend of the court in writing when the minor is moved to another address, and

(3) a parent whose custody or parenting time of a child is governed by the order shall not change the legal residence of the child except in compliance with section 11 of the Child Custody Act, MCL 722.31.

The rules of statutory construction also apply to court rules. *In re KH*, 469 Mich 621, 628; 677 NW2d 800 (2004). Thus, this Court must accord every word or phrase of a court rule its plain and ordinary meaning. *Id.*

MCR 3.211(C)(1) mandates that custody orders contain language requiring the court to approve a proposed interstate move. However, contrary to defendant's position, the language of the court rule does not require the family court to consider the *D'Onofrio* factors. Instead, the court rule simply requires the court to comply with MCL 722.31, which by its own language makes consideration of the *D'Onofrio* factors unnecessary when the relocating parent has sole legal custody. MCL 722.31(2); see also *Rittershaus, supra* at 465.

The original custody order in this case provided that "a parent whose custody or parenting time of a child is governed by this Order shall not change the legal residence of the child except in compliance with ... MCL 722.31." Moreover, in accordance with MCR 3.211(C)(1), plaintiff sought the family court's approval of the proposed change of domicile. The family court fully complied with MCR 3.211(C) before approving the change. The court began by determining that because plaintiff had sole legal custody, her ability to change the

child's domicile was not restricted by MCL 722.31. Once the court had determined that it was not required to consider the factors of MCL 722.31(4), it properly approved plaintiff's proposed move to Texas. We conclude that the court fully satisfied the dictates of MCR 3.211(C) by first conducting all necessary inquiries under MCL 722.31. The family court did not abuse its discretion by approving the proposed change of the minor child's domicile. *Mogle, supra* at 202.

III

Defendant next argues that the family court erred by failing to make findings of fact and by failing to rule with respect to his motion to change custody. He also contends that the court should have ruled on his motion to change custody before considering plaintiff's request to change the child's domicile. We agree in part.

As an initial matter, we address plaintiff's argument that defendant is barred from challenging the family court's custody order because he is bound by the stipulated agreement that was placed on the record. At the beginning of the hearing, the family court noted that the parties had reached an agreement, and that "[w]hile not making everybody happy, I believe that the parties believe they have a reasonable resolution." Plaintiff's attorney then placed the agreement on the record. After noting defendant's objections to the change of domicile, defendant's attorney stated that defendant wished "to consent to joint legal [custody], as well as the parenting time that was explained by [plaintiff's attorney], in the event the Court makes the decision that it has no choice . . . but to allow [the change of domicile]."

Although plaintiff asserts that defendant is bound by this agreement, stipulated agreements do not apply in

child custody matters. *Phillips v Jordan*, 241 Mich App 17, 21; 614 NW2d 183 (2000).

> Stipulated orders that are accepted by the trial court are generally construed under the same rules of construction as contracts. Like contracts, stipulated orders are agreements reached by and between the parties. However, contract principles do not govern child custody matters. The Legislature imposed on trial courts, through the Child Custody Act, MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.*, the duty to review proposed changes in child custody to determine whether the changes would be in the best interests of the child. MCL 722.27(1)(c); MSA 25.312(7)(1)(c)[.] While trial courts try to encourage parents to work together to come to an agreement regarding custody matters, the circuit court retains jurisdiction over the child until the child reaches the age of majority. The trial court cannot blindly accept the stipulation of the parents, but must independently determine what is in the best interests of the child. [*Id.* (internal citations omitted).]

In other words, although the parties may have reached a contingent settlement agreement with respect to plaintiff's change-of-domicile motion, defendant cannot be bound by any stipulated agreement on the issue of child custody. *Id.* By entering into a stipulated agreement that related primarily to plaintiff's change-of-domicile request, defendant in no way abandoned or waived the right to a judicial determination on his change-of-custody motion. *Id.*

Nor are we persuaded by plaintiff's argument that defendant may not bring this appeal because he is not an aggrieved party. To maintain an appeal, a person must ordinarily be "aggrieved" by the lower court's decision. MCR 7.203(A); *Dep't of Consumer & Industry Services v Shah*, 236 Mich App 381, 385; 600 NW2d 406 (1999). "An aggrieved party is not one who is merely disappointed over a certain result. Rather, to have standing on appeal, a litigant must have suffered a

concrete and particularized injury, as would a party plaintiff initially invoking the court's power." *Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 286, 291-292; 715 NW2d 846 (2006).

Plaintiff asserts that defendant is in a better position after the family court's decision because he now shares joint legal custody. However, even though defendant occupies a better position with respect to the custody of the child, it does not necessarily follow that he is not aggrieved. Defendant had moved for sole legal and physical custody of the child. However, because of the stipulated agreement between the parties that related to plaintiff's change-of-domicile request, the court declined to consider defendant's petition for a change in custody. The family court's failure to act in this regard denied defendant his right to an evidentiary hearing on the motion to modify custody. Defendant was therefore injured, and is an aggrieved party for purposes of this appeal. MCR 7.203(A).

We now turn to the substance of defendant's issues in Docket No. 276841. Defendant argues that (1) the family court erred by failing to address his custody motion and by failing to make findings of fact on the record, and (2) the family court should have ruled on his custody motion before considering plaintiff's motion for change of domicile.

We agree that the family court erred by failing to make findings of fact and by failing to rule with respect to defendant's change-of-custody motion. The court merely adopted joint custody, citing the stipulated agreement placed on the record by the parties' attorneys. However, as noted above, the family court cannot accept a stipulation of the parents in child custody matters, and must independently determine what is in the best interests of the child. *Phillips, supra* at 21.

In child custody cases, the family court must consider all the factors delineated in MCL 722.23 and explicitly state its findings and conclusions with respect to each of them. *Foskett v Foskett*, 247 Mich App 1, 9; 634 NW2d 363 (2001). "Where a trial court fails to consider custody issues in accordance with the mandates set forth in MCL 722.23 'and make reviewable findings of fact, the proper remedy is to remand for a new child custody hearing.' " *Id.* at 12, quoting *Bowers v Bowers*, 190 Mich App 51, 56; 475 NW2d 394 (1991). In the case at bar, the court did not rule on defendant's motion and did not make the requisite factual findings on the record. Accordingly, we must remand for a new hearing on defendant's motion to change custody. *Foskett, supra* at 9, 12.

Defendant lastly contends that the family court should have ruled on his custody motion before considering plaintiff's change-of-domicile motion. This contention is unavailing. We agree with defendant that MCL 722.26a(1) requires the family court to advise the parties of the possibility of joint custody, to "consider an award of joint custody," and to "state on the record the reasons for granting or denying a request." However, we do not agree with defendant's suggestion that if the court had considered an award of joint custody before deciding plaintiff's motion for a change of domicile, the family court's decision on the domicile issue would necessarily have been different. Such a suggestion is little more than conjecture. We simply cannot speculate concerning whether the family court's ultimate decision on domicile would have been different if one of the parties had first requested joint custody.

Additionally, defendant cites no proper authority to support his position that the family court should have decided his motion for a change of custody before

considering plaintiff's request for a change of domicile. We readily acknowledge that a decision on the custody motion in advance of the domicile motion could have affected the court's decision on the change-of-domicile issue. However, we can locate no rule of law that mandates a certain sequential order in which such motions must be decided.[3] We will not search for authority to sustain or reject a party's position. *Davenport v Grosse Pointe Farms Bd of Zoning Appeals*, 210 Mich App 400, 405; 534 NW2d 143 (1995). Defendant's failure to cite sufficient authority has resulted in the abandonment of this issue on appeal. *Goldstone v Bloomfield Twp Pub Library*, 268 Mich App 642, 658; 708 NW2d 740 (2005).

IV

We affirm the portion of the family court's order allowing plaintiff to change the minor child's domicile to Texas. We also affirm the court's decision to rule on plaintiff's change-of-domicile request before considering defendant's motion to change custody.

We vacate the portion of the family court's order granting joint custody based on the parties' stipulated agreement, and remand for further proceedings on defendant's motion to change custody.[4]

---

[3] If the family court had decided the custody motion first and granted defendant joint legal custody, it would have been required to comply with MCL 722.31 and to consider the *D'Onofrio* factors in deciding whether to grant or deny plaintiff's motion to change domicile. However, even if the court had decided the custody motion first, it is just as likely that the court would have denied defendant's request for custody and proceeded to grant plaintiff's change-of-domicile motion. Defendant's position is based on mere speculation.

[4] The family court may not modify an existing custody order unless it first finds that the moving party has demonstrated proper cause or a change in circumstances. MCL 722.27(1)(c); *Foskett, supra* at 5. When

Affirmed in part, vacated in part, and remanded for further proceedings on defendant's motion to change custody. We do not retain jurisdiction.

---

modification of a custody order would change the established custodial environment, the court must find by clear and convincing evidence that a change in custody is in the child's best interests. MCL 722.27(1)(c). This requires the court to consider the factors listed in MCL 722.23 and to state its findings and conclusions with respect to each one. *Foskett, supra* at 9. On remand, the family court should consider this Court's decision in *Rittershaus, supra* at 473, where we concluded that moving a child across the country constituted a sufficient change in circumstances to reopen a custody matter. See also *Sehlke v VanDerMaas*, 268 Mich App 262, 263; 707 NW2d 603 (2005), rev'd in part on other grounds 474 Mich 1053 (2006).