# STATE OF MICHIGAN

# COURT OF APPEALS

---

AMY REECE BOLZ, a/k/a AMY REECE,

      Plaintiff-Appellant,

v

JOHN R. BOLZ,

      Defendant-Appellee.

UNPUBLISHED
October 13, 2015

No. 321870
Washtenaw Circuit Court
Family Division
LC No. 11-001670-DM

---

Before: BOONSTRA, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

Plaintiff appeals by leave granted the trial court's post-judgment order denying her motion for an out-of-state change of domicile with respect to three of the parties' children. Because plaintiff had sole legal and physical custody, the trial court erred by denying plaintiff's request based on consideration of the factors set forth in MCL 722.31(4). We therefore reverse and remand to the trial court for further proceedings consistent with this opinion.

The parties married in 1990, and they divorced in 2013. At issue in the parties' divorce was the matter of child custody. Specifically, the couple has six children. At the time of the divorce proceedings, the eldest, OB, was no longer a minor, and thus not at issue in the divorce. Defendant received sole legal and physical custody of EB, and plaintiff received sole legal and physical custody of SP, PB, JB and WB. Defendant sought a 50/50 split of time with SP, PB, JB and WB, but this request was denied due to defendant's substance abuse issues. In relevant part, the judgment of divorce stated:

> IT IS ORDERED that [SB[1], PB, JB, and WB] are placed in the sole legal and physical custody of the Plaintiff, AMY REECE BOLZ until the Defendant, JOHN BOLZ has completed his substance abuse program and has been sober for

---

[1] Although SP was named in the judgment of divorce, she is no longer a minor and she now resides with defendant's sister in another state. Thus, she is not affected by this appeal. EP is also not at issue on appeal.

one year. At that time the Court will revisit [defendant's] request to share time with each of his [children]; 50%/50%.[2]

Although the trial court denied defendant's request for a 50/50 split, defendant received parenting time with PB, JB, and WB every other weekend and with SP once a month. Regarding defendant's identified substance abuse, the trial court ordered defendant to complete a 21- or 30-day residential rehabilitation program and six-month narcotics and alcohol anonymous programs, be subject to random drug tests, and maintain sobriety until the children reach the age of majority and complete high school.

Following the parties' divorce, plaintiff filed a motion for an order confirming the change of the minor children's legal domicile and residence in order to move to South Carolina for financial reasons and to be closer to her own family. Typically, MCL 722.31(1) imposes restrictions on the ability of a parent to move a child more than 100 miles from the child's legal residence and for this reason a motion to move children out of state generally requires consideration of the so-called *D'Onofrio*[3] factors set forth in MCL 722.31(4). See *Brecht v Hendry*, 297 Mich App 732, 739; 825 NW2d 110 (2012); MCR 3.211(C)(1). However, in making her motion to move the children to South Carolina, plaintiff asserted that, because she had sole legal and physical custody of the children, under MCL 722.31(2), she was not subject to the limitations in MCL 722.31 and she was not prohibited from changing the children's legal residence more than 100 miles from their current legal residence.

In an order dated November 20, 2013, the trial court denied plaintiff's motion to change the children's domicile, reasoning that the divorce judgment only *temporarily* awarded plaintiff sole legal and physical custody of the children.[4] Consequently, the trial court concluded that MCL 722.31(2) did not apply because plaintiff did not have sole legal custody on a permanent basis. Given this conclusion, the trial court then appeared to consider some of the *D'Onofrio* factors and declined to approve the change of the children's domicile in light of concerns the court had regarding whether plaintiff's parental decisions, including her decision to move to South Carolina, were in the best interests of the children or whether those decisions were designed to frustrate defendant's opportunity for parenting time. The trial court also reasoned that such a move would "uproot" the children from their schools and potentially hinder defendant's ability to develop a meaningful relationship with his children. Plaintiff filed a delayed application for leave to appeal, which we granted. *Bolz v Bolz*, unpublished order of the Court of Appeals, entered September 29, 2014 (Docket No. 321870).

---

[2] The last sentence in the judgment actually refers to JB, not defendant. However, it appears undisputed that the trial court intended to refer to defendant's request to share time with his children. In fact, later in the judgment, the trial court refers to defendant's "request to share time with each of his children 50%/50%."

[3] *D'Onofrio v D'Onofrio*, 144 NJ Super 200, 206-207; 365 A2d 27 (1976).

[4] In the same order, the trial court considered a motion from defendant to change custody. The trial court also denied defendant's motion.

On appeal, plaintiff maintains that the trial court erred by denying her motion to confirm the change to the children's domicile. Specifically, consistent with her arguments in the trial court, plaintiff argues that, under MCL 722.31(2), a parent with sole legal custody is not subject to the limitations on changing a child's domicile more than 100 miles that are found in MCL 722.31. She asserts that the trial court erred by qualifying her legal custody of the children as "temporary" and that, because she has sole legal custody, she may change the children's domicile without the trial court's consideration of the factors set forth in MCL 722.31(4).

"Pursuant to MCL 722.28, '[t]his Court must affirm all custody orders unless the trial court's findings of fact were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue.'" *Brausch v Brausch*, 283 Mich App 339, 347; 770 NW2d 77 (2009) (citation omitted). "We review for an abuse of discretion the family court's decision to allow a parent to remove a child from the state." *Spires v Bergman,* 276 Mich App 432, 436; 741 NW2d 523 (2007). Questions of law, including the interpretation of statutes as well as the interpretation of a judgment of divorce, are reviewed de novo. *Neville v Neville*, 295 Mich App 460, 466; 812 NW2d 816 (2012).

If parental custody is governed by a court order, changes in the child's legal residence are governed by MCL 722.31. See *Kessler v Kessler*, 295 Mich App 54, 58; 811 NW2d 39 (2011). MCL 722.31(1) states:

> A child whose parental custody is governed by court order has, for the purposes of this section, a legal residence with each parent. Except as otherwise provided in this section, a parent of a child whose custody is governed by court order shall not change a legal residence of the child to a location that is more than 100 miles from the child's legal residence at the time of the commencement of the action in which the order is issued.

Under MCL 722.31, when a parent wishes to change a child's residence, the parent must seek the court's permission and, if the parents share custody, the other parent may consent to the move or the move may be approved by the court after consideration of the factors set forth in MCL 722.31(4). See MCL 722.31(2); MCR 3.211(C)(1); *Spires*, 276 Mich App at 437.

However, when the parent seeking to change the child's residence has sole legal custody, there is an exception to the 100 mile rule set forth under MCL 722.31(2), which states as follows:

> A parent's change of a child's legal residence is not restricted by subsection (1) if the other parent consents to, or if the court, after complying with subsection (4), permits, the residence change. *This section does not apply if the order governing the child's custody grants sole legal custody to 1 of the child's parents.* [Emphasis added.]

From the plain language of MCL 722.31(2), it is clear that "a parent with sole legal custody is not restricted in the same manner as a parent with joint legal custody." *Brausch*, 283 Mich App at 349. Instead, if a parent has sole custody, the parent must still seek the trial court's permission before moving a child out of state, MCR 3.211(C)(1); but MCL 722.31 does not apply and the

trial court may not consider the *D'Onofrio* factors codified in MCL 722.31(4) when ruling on the parent's motion. *Brecht*, 297 Mich App at 742-743; *Brausch*, 283 Mich App at 350. Further, although the decision to grant or deny a motion to change a child's domicile is discretionary in nature, in the context of sole legal custody in which MCL 722.31 does not apply, the request must be approved "as a matter of course" and without "further ado." *Brecht*, 297 Mich App at 743-744.[5]

In this case, the primary issue on appeal is whether the judgment of divorce awarded plaintiff sole legal custody of the minor children at issue or, conversely, some type of lesser custody, i.e., "temporary" sole custody, such that MCL 722.31(2) does not apply. Contrary to the trial court's reasoning, we conclude that plaintiff has sole legal and physical custody of the children at issue. Quite simply, the judgment of divorce unambiguously placed PB, JB, and WB in plaintiff's "*sole* legal and physical custody."

Yet, rather than adhere to the plain language of the judgment of divorce, the trial court attempted to circumvent this clear award of sole custody to plaintiff by categorizing the custody arrangement as "temporary" pending defendant's completion of court ordered substance abuse treatment and his maintenance of sobriety for one year. But, in actuality, the judgment of divorce was a final order that legally conveyed sole custody to plaintiff. Cf. *Grange Ins Co of Mich v Lawrence*, 494 Mich 475, 505; 835 NW2d 363 (2013). The hypothetical possibility that the trial court might "revisit" the physical custody arrangement or the matter of defendant's parenting time in the future *if* defendant maintains sobriety and completes treatment does not undermine the plain award of sole custody to plaintiff. In other words, custody is either sole or joint, see *Dailey v Kloenhamer*, 291 Mich App 660, 670; 811 NW2d 501 (2011), and defendant's potential ability to obtain increased parenting time in the future, if he satisfies certain conditions, is not nearly the same as an award of joint legal or joint physical custody. Indeed, as a general proposition, all custody orders are potentially modifiable if there is a change of circumstances, see MCL 722.27(1)(c); but, obviously all custody orders are not categorized as "temporary," and we know of no authority to suggest that the possibility of a change of custody based on a change in circumstances should prevent operation of MCL 722.31(2). In sum, given the plain award of sole legal and physical custody to plaintiff in the parties' judgment of divorce, the parties clearly did not share joint custody and there is no legal basis to support the trial court's conclusion that plaintiff did not have sole legal custody of the children as required for application of MCL 722.31(2). Cf. *Brausch*, 283 Mich App at 352-353 & n 5 (finding there was no legal basis for the trial court's determination that the parents' shared "de facto legal" custody despite a court order awarding mother sole legal and physical custody).

Because plaintiff had sole legal and physical custody of the children, the trial court committed a clear error of law by considering the factors set forth in MCL 722.31(4); and,

---

[5] If, unlike in the present case, parents share joint physical custody, the court must also consider whether a change to the child's domicile constitutes a change in an established custodial environment warranting scrutiny under MCL 722.27(1)(c). See *Sulaica v Rometty*, 308 Mich App 568, 581; 866 NW2d 838 (2014).

because MCL 722.31 did not apply, the trial court should have granted plaintiff's motion to change the children's domicile as a matter of course. See *Brecht*, 297 Mich App at 743-744. Consequently, we reverse the trial court's order and remand for further proceedings consistent with this opinion. See *id.*

Reversed and remanded. We do not retain jurisdiction. Plaintiff, being the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Mark T. Boonstra
/s/ Henry William Saad
/s/ Joel P. Hoekstra