*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TCF NATIONAL BANK, formerly known as
CHEMICAL BANK,

UNPUBLISHED
November 9, 2021

Plaintiff/Counterdefendant-Appellee,

v

No. 355580
Allegan Circuit Court
CASSANDRA G. DECKER,

LC No. 20-063096-CZ

Defendant/Counterplaintiff-Appellant.

Before: MURRAY, C.J., and MARKEY and RIORDAN, JJ.

PER CURIAM.

Defendant Cassandra G. Decker appeals as of right an order granting plaintiff's motions for summary disposition pursuant to MCR 2.116(C)(5) (lack of standing) and (C)(10) (no genuine issue of material fact). We affirm.

## I. FACTS AND PROCEEDINGS

Defendant executed a loan and mortgage with plaintiff (at that time, Chemical Bank) on August 19, 2013. After plaintiff believed defendant to have defaulted on the loan, plaintiff initiated a foreclosure by advertisement. A sheriff's sale was held on March 21, 2019, in which plaintiff purchased the property. A statutory six-month redemption period occurred following the sheriff's sale. Defendant did not redeem the property during that period, and the redemption period then expired.

After expiration of the redemption period, plaintiff filed a complaint to recover possession of the property. Plaintiff then moved for summary disposition under MCR 2.116(C)(10), in which plaintiff asserted that it was entitled to possession of the property as the redemption period following the sheriff's sale had expired. Defendant filed counterclaims and a response to the (C)(10) motion, arguing that there were numerous issues of material fact that precluded summary disposition. In defendant's counterclaims, she asserted that the foreclosure process included fraud and irregularities, and she sought to have the foreclosure and sheriff's sale set aside, or in the alternative, monetary damages.

-1-

Following the receipt of defendant's counterclaims, plaintiff filed a second motion for summary disposition under MCR 2.116(C)(5), seeking dismissal of those counterclaims. Plaintiff asserted that defendant lacked standing to bring her counterclaims for the same reason that plaintiff asserted in its initial motion for summary disposition, namely, that defendant could not challenge the foreclosure because the redemption period had expired. Plaintiff argued that all of defendant's counterclaims were incidental to, or derivative of, its foreclosure by advertisement, and given that defendant could not challenge the foreclosure, she also lacked standing to bring those counterclaims.

At the hearing on plaintiff's motions for summary disposition, the trial court stated that plaintiff's motions depended on the holding in *Bryan v JPMorgan Chase Bank*, 304 Mich App 708; 848 NW2d 482 (2014), and whether defendant had lost all her rights to contest the foreclosure because the redemption period had expired. Defendant argued that the trial court should use its equitable powers to grant her motion to stay the eviction proceedings and to grant her request for a preliminary injunction. Defendant did not dispute the fact that the sheriff's sale had already occurred and the redemption period had expired, but she argued that the trial court should let the case proceed to examine the merits of her counterclaims, which she contended were based on the fact that the foreclosure process for the property was not proper.

At the conclusion of the hearing, the trial court granted both of plaintiff's motions for summary disposition on the basis of the holding in *Bryan*. According to the trial court, defendant had "lost her rights to contest this matter after the redemption period had expired." The trial court explained that under *Bryan*, defendant did not have standing to contest the foreclosure because the redemption period had expired, thereby extinguishing her rights in and to the property. Defendant moved for reconsideration, which the trial court denied. Defendant now appeals.

## II. DISCUSSION

Defendant argues that the trial court erred when it granted plaintiff's motions for summary disposition without making a determination regarding her allegations of fraud and irregularity in the foreclosure process. We disagree.

A trial court's decision whether to grant a motion for summary disposition is reviewed de novo. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). We also review de novo the trial court's interpretation and application of statutes, court rules, and common law. *Brecht v Hendry*, 297 Mich App 732, 736; 825 NW2d 110 (2012).

Pursuant to MCR 2.116(C)(5), a motion for summary disposition is properly granted when "[t]he party asserting the claim lacks the legal capacity to sue." Summary disposition is also appropriate when "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10).

MCL 600.3236 provides as follows:

> *Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns,*

-2-

*all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage*, or at any time thereafter, except as to any parcel or parcels which may have been redeemed and canceled, as hereinafter provided; and the record thereof shall thereafter, for all purposes be deemed a valid record of said deed without being re-recorded, but no person having any valid subsisting lien upon the mortgaged premises, or any part thereof, created before the lien of such mortgage took effect, shall be prejudiced by any such sale, nor shall his rights or interests be in any way affected thereby. [Emphasis added.]

"Pursuant to MCL 600.3240, after a sheriff's sale is completed, a mortgagor may redeem the property by paying the requisite amount within the prescribed time limit . . . ." *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014). Generally, "[i]f a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished." *Id.* However, a party may obtain an "equitable extension" of the redemption period by a "clear showing of fraud, or irregularity." See *id.* at 714 ("The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity.") (quotation marks and citation omitted). Stated otherwise,

> [s]ince a typical lawsuit cannot be completed before the expiration of the redemption period, Michigan courts allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in order to keep a plaintiff's suit viable, provided he makes a clear showing of fraud, or irregularity by the defendant. [*El-Seblani v IndyMac Mtg Servs*, 510 Fed App'x 425, 428 (CA 6, 2013) (quotation marks and citations omitted).]

In this case, the sheriff's sale was completed on March 21, 2019. Defendant had six months from that date to redeem the subject property. See MCL 600.3240(8). There is no dispute that she failed to do so. Therefore, as the trial court correctly ruled, she lost all rights in and to the property. See *Bryan*, 304 Mich App at 713.

Defendant argues that the six-month redemption period does not preclude her counterclaims because she showed fraud and irregularity in the foreclosure process. This argument misses the mark. The equitable "fraud or irregularity" exception to the redemption period applies to extend the redemption period when the foreclosed-upon property owner files an action *within* the redemption period. See *El-Seblani*, 510 Fed App'x at 428. See also *Jackson v Bank of Am, NA*, 67 F Supp 3d 828, 837 n 8 (EDMI, 2014) ("The Court notes that in some cases, even a diligent Plaintiff's claim that is filed early in the redemption period may not be decided before expiration of the period, and dismissing that diligent Plaintiff's claim on the basis of the redemption period's expiration would surely not be equitable."). In other words, while courts may equitably extend the redemption period, they may not *revive* a redemption period that has already been extinguished. Here, defendant did not file her counterclaims until 2020, several months after the six-month redemption period expired. Thus, regardless of whether defendant showed fraud or irregularity, the trial court did not possess the equitable authority to revive the redemption period, and it correctly ruled that defendant had no rights in and to the subject property.

Defendant also raises several procedural challenges to plaintiff's (C)(10) motion. However, none of these challenges were raised in the trial court, and we decline to review them. See *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). Finally, to the extent that defendant argues that the trial court erred when it dismissed her counterclaims that sought monetary damages and did not seek to set aside the foreclosure and sheriff's sale, she does not develop this argument on appeal with legal authority and we deem it abandoned. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

### III. CONCLUSION

The trial court correctly ruled that defendant lost all rights in and to the subject property after the statutory redemption period expired regardless of her allegations of fraud and irregularity. In addition, defendant has not shown that the trial court erred otherwise. Accordingly, we affirm.


/s/ Christopher M. Murray
/s/ Jane E. Markey
/s/ Michael J. Riordan